IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANIA CLARKE | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action** |
| v. | ) | **File No.** |
| | ) | |
| FILMHEDGE, LLC, | ) | |
| MEDIAHEDGE, INC. and | ) | |
| JONATHAN DWAYNE ("JON") GOSIER | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW DANIA CLARKE (hereafter "Clarke" or "Plaintiff") and brings this Complaint against Defendants FILMHEDGE, LLC, MEDIAHEDGE, INC., and JONATHAN D. GOSIER (collectively hereafter "Defendants"), showing the Court as follows:

### I. The Parties

1. Plaintiff Dania Clarke is a resident of Vancouver, British Columbia, Canada.

2. Defendant Filmhedge, LLC (hereafter "FilmHedge") is a Delaware limited liability company with a principal office address of 8735 Dunwoody Place, Suite R; Atlanta, Fulton County, Georgia 30350.

3. Defendant MediaHedge, Inc. (hereafter "MediaHedge) is a Delaware corporation with a tax deliquency according to the records of the State of Delaware.  MediaHedge may be served through its registered agent Harvard Business Services, Inc.; 16192 Coastal Highway; Lewes, DE 19958.

1

4.  Defendant Jonathan D. Gosier ("Gosier") is a Georgia resident who resides at 3338 Peachtree Road, NE; Apt. 1208; Atlanta, GA 30326-1465.

5.  Defendant Gosier serves as the Chief Executive Officer for both Defendant FilmHedge and Defendant MediaHedge.

6.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Specifically, Plaintiff Clarke is a Canadian resident, while Defendant FilmHedge is a Delaware limited liability company that is domiciled in the State of Georgia, Defendant MediaHedge is a Delaware limited liability that conducts business in the State of Georgia, and Defendant Gosier is a resident of the State of Georgia.  Therefore, this Court has subject matter jurisdiction over this action.

## II.  Facts

### A.  $250,000.00 Loan to Filmhedge, LLC

7.  On or about September 17, 2024, Plaintiff Clarke loaned $250,000.00 principal ("Loan") to Defendants Filmhedge and MediaHedge for the purpose of financing the production of television and films that these Defendants purportedly were producing in Georgia. Attached hereto as Exhibit "1" to this Complaint is a true and correct copy of the loan document bearing the title "$250,000.00 Credit Facility (the "Loan Amount")".

8.  Plaintiff Clarke executed the Loan in her individual capacity.

9.  Defendant Gosier signed the Loan on behalf of Defendant Filmhedge in his capacity as "CEO, MediaHedge, Inc (d/b/a FilmHedge)".

10. The Loan had a 12-month term with a fixed interest payment of $45,000.00.

11. The Loan had a provision if Defendant Filmhedge defaulted on repayment, stating "Default interest of 0.75% per month, beginning on the 91st day following the maturity date (the 365th

day following the first draw date) if the Loan is not paid in full prior to such date, until the date the loan is paid in full."

12. The Loan called for the application of Georgia law and waived the right to trial by jury.

13. On September 19, 2024, Plaintiff Clarke funded the Loan.  Attached hereto as Exhibit "2" is a true and correct copy of the funding wire for the loan.

14. With the exception of a single $980.00 payment by Defendant Gosier in 2025, Defendant FilmHedge and Defendant MediaHedge did not make any payments in compliance with the terms of the Loan.

15. On or about August 20, 2025, Plaintiff Clarke and Defendant FilmHedge entered into an "Amendment to Commitment Letter and Payoff Agreement" (hereafter "Amendment"). Attached hereto as Exhibit "3" is a true and correct copy of the Amendment.

16. Section A2 of the Amendment established a repayment schedule for the original $250,000 Loan plus accrued interest.

17. Defendant FilmHedge agreed to repay the Loan in a first installment of $147,500.00 by no later than September 17, 2025.

18. Defendant FilmHedge agreed to repay the Loan in a second installment of $147,500.00 by no later than October 17, 2025.

19. With the exception of a single $980.00 payment by Defendant Gosier in 2025, Defendant FilmHedge failed to make either of these payments.

20. Section G of the Amendment stated "This Agreement shall be governed by and interpreted in accordance with the laws of the State of Georgia (without regard to the conflict of law provisions thereof). Each party consents and submits to the jurisdiction of the state and federal courts located in Fulton County, Georgia."

21. In the Amendment, Defendant Gosier agreed to personally guarantee the FilmHedge debt to Plaintiff Clarke.  Attached hereto as Exhibit "4" is a true and correct copy of the Personal Guaranty that Defendant Gosier executed on or about August 20, 2025.

22. In the Personal Guaranty Defendant Gosier:

> guarantees to Lender the full and prompt payment of the funds set forth in the [Loan], as well as guarantees the full and timely performance and observance of all the covenants, terms, conditions, provisions, and agreements therein provided to be performed and observed by Borrower; and Guarantor covenants and agrees to and with Lender that, if Borrower should at any time default in the payment of any funds or any other such sums due and payable by Borrower under said Credit Facility, or if Borrower should default in the performance and observance of any other terms, covenants, conditions, provisions, and agreements contained in said Credit Facility, then Guarantor shall and will forthwith pay such obligations to Lender and shall and will forthwith faithfully perform and fulfill all of such terms, covenants, conditions, provisions, and agreements and will forthwith pay to Lender all damages that may arise in consequence of any such default by Borrower under said Credit Facility, including, without limitation to, all reasonable attorneys' fees and disbursements incurred by Lender or caused by any such default and/or by the enforcement of this Guaranty.

23. Aside from a single $980.00 payment in 2025, Defendant Gosier has failed to make any payments to Plaintiff Clarke to satisfy the requirements of the Guaranty and/or the Loan.

24. As of November 11, 2025, the outstanding principle and interest due on the Loan is $299,056.25, with daily interest accruing at $73.75 per day.

### COUNT I – BREACH OF CONTRACT BY DEFENDANTS FILMHEDGE, LLC AND MEDIAHEDGE, INC.

25. Plaintiff Clarke repeats and realleges her allegations set forth in Paragraphs 1 through 24 of this Complaint.

26. Defendants FilmHedge and MediaHedge have defaulted on the Loan and owe to Plaintiff Clarke for the amounts set forth above.

27. Defendants FilmHedge and MediaHedge are in breach of contract by failing to pay the sums loaned to them by Plaintiff Clarke.

28. Plaintiff Clarke has been damaged in the amount of not less than $299,056.25.

29. Defendants FilmHedge and MediaHedge are liable for the amount owed to Plaintiff Clarke plus collection costs and reasonable attorneys' fees.

## COUNT II:
## BREACH OF PERSONAL GUARANTY BY DEFENDANT GOSIER

30. Plaintiff Clarke repeats and realleges her allegations set forth in Paragraphs 1 through 29 of this Complaint.

31. Defendant Gosier has breached his contractual commitment in the Personal Guaranty to repay the Loan to Plaintiff Clarke for the amounts set forth above.

32. Plaintiff Clarke has been damaged in the amount of not less than $299,056.25.

33. Defendant Gosier is liable for the amount owed to Plaintiff Clarke plus collection costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Dania Clarke prays for the following relief:

A. That process issue as provided by law;

B. That Plaintiff Clarke have judgment entered against Defendants FilmHedge and MediaHedge for breach of contract in an amount not less than $299,056.25;

C. That Plaintiff Clarke have judgment against Defendant Gosier for breach of contract in an amount not less than $299,056.25;

D. That Plaintiff Clarke be awarded attorney's fees and collection costs against the Defendants as set forth in the Amendment and the Personal Guaranty;

E. That Plaintiff Clarke be awarded attorney fees and expenses pursuant to O.C.G.A. § 13-6-11; and

F.  For such other relief as this Court deems just and proper.


Respectfully submitted this 13th day of November 2025.

/s/Frank G. Goldman, Esq.
Frank G. Goldman, Esq.
Georgia Bar No. 30052
Frank G. Goldman, P.C.
PO Box 202
Avondale Estates, GA 30002
(678) 705-8483
fgoldman@fggpc.com
Counsel for Plaintiff Dania Clarke
